UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TEDDY RYAN HACKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CV-433-REW |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| MADISON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Based on Kentucky's recently-enacted medical review panel act, codified at KRS Chapter 216C, Defendant Southern Health Partners, Inc. (SHP), seeks dismissal of Teddy Hacker's claims against it. DE #8 (Motion). Plaintiff opposed. DE #10 (Response). SHP replied. DE #11. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** DE #8.[1]

I.      BACKGROUND

In June 2018, Hacker sued multiple defendants in this court, raising a variety of claims. *See* DE #1 (Complaint). The Complaint centers on the medical care he received (and did not receive) while in custody at the Madison County Detention Center. *See id.* Counts 1-4 are 42 U.S.C. § 1983[2] claims; Count 5 is titled "Negligence and Gross Negligence." Madison County and Doug Thomas answered on July 20, 2018. DE #7.

_____

[1] As explained *infra*, the denial as to Counts 2, 3, and 4 is categorical; the Court assumes, in processing those Counts, that KRS 216C.020 may validly be enforced. The without-prejudice grant as to Count 5, however, is subject to reopening, as this Opinion explains. [Count 1 does not name SHP.]

[2] Section 1983 generally provides a federal cause of action against state officials, acting under color of state law, for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

Days later, SHP, the jail's medical provider, filed the pending motion to dismiss, which the parties have fully (if succinctly) briefed.

## II.     STANDARD

Under Fed. R. Civ. P. 12(b)(6),[3] a defendant may seek dismissal based on an alleged "failure to state a claim upon which relief can be granted." Faced with such a motion, the Court views the Complaint in the light most favorable to Plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)); *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 675-76 (6th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. The Court need not accept the verity of legal conclusions. *Id.*

## III.    ANALYSIS

KRS 216C.020(1)[4] provides:

---

[3] SHP styled its motion as one under "Federal Rule of Civil Procedure 12.02." DE #8, at 1. There is no Fed. R. Civ. P. 12.02. SHP described the argued dismissal basis as a "failure to state a claim upon which relief can be answered." *Id.* This, along with the pre-Answer case posture, leads the Court to treat the motion as one raised under Rule 12(b)(6). [Curiously, though, SHP later described the document as a "Motion to Stay." DE #11, at 1. That seems inconsistent with the textual substance.]

[4] The Franklin Circuit Court permanently enjoined enforcement of this statute, *see* DE #10-1, at 26-27, but the Kentucky Court of Appeals stayed that injunction. *See* Order, Step #9, Case No. 2017-CA-1770 (Nov. 7, 2017). The matter is currently pending before

All malpractice and malpractice-related claims against a health care provider, other than claims validly agreed for submission to a binding arbitration procedure, shall be reviewed by a medical review panel. Such an action may not be commenced in a court in Kentucky before:

(a) The claimant's proposed complaint has been presented to a medical review panel established under this chapter; and

(b) An opinion is given by the panel. If the panel has not given its opinion within nine (9) months after the filing of the proposed complaint, the plaintiff may commence the action in court.

SHP argues that this statute commands dismissal of Hacker's claims against it. DE ##8-1, at 1-3; 11. Hacker, unsurprisingly, disagrees. DE #10. This is creative advocacy and, apparently, a new question for Kentucky's federal courts.[5]

Several critical statutory components require examination; the parties make no argument as to the bulk of them. No party disputes that Hacker did not make an express "malpractice . . . claim." Hacker does not dispute that SHP is "a health care provider." No party disputes that Hacker was a "patient." Hacker does not dispute that he did not present his claims to "a medical review panel" before filing this suit. No party disputes that this Court is "a court in Kentucky."

SHP does (in effect) argue, though, that Hacker's claims are "malpractice-related," bringing them within the scope of the statute. *See* DE #8-1, at 1 (claiming that "the basis for all causes of action stated in the Complaint is the Kentucky state law claim

---

the Kentucky Supreme Court. In the current posture, the Court agrees with SHP that, at least at the moment, "KRS 216C is the law." DE #11, at 3.

[5] The Court is cognizant that, in analyzing this statute, it writes on a mostly blank slate. Westlaw, for instance, reports no cases citing KRS 216C.020. The Court has assessed the text of the statute, as it must, and also finds informative authority from other jurisdictions with similar medical review panel statutes. The Court, thus, declines Hacker's invitation to "defer ruling on the Motion to Dismiss until such time as the Kentucky Supreme Court issues its[] final decision on the constitutionality of KRS 216C." *See* DE #10, at 5. The Court resolves motions in, and otherwise addresses, the legal landscape as it stands.

of malpractice"); *id.* at 2 (arguing that "Plaintiff's claims are all based upon the state law claim of medical negligence"). "Malpractice" and "malpractice-related claim" carry particular statutory definitions[6] (that, again, the parties do not address). As used in Chapter 216C, a "malpractice-related claim" is "a claim for a tort or a violation of a statute, administrative regulation, right, or rule based on or arising out of health care or professional services that were provided, or that should have been provided, by a health care provider to a patient." KRS 216C.010(6).

The Court denies SHP's motions as to Counts 2-4—the § 1983 Counts that pertain to SHP—because, even assuming Chapter 216C is valid, SHP's interpretation of the medical review panel statute would yield to the Supremacy Clause. *See* U.S. Const. art. VI, cl. 2. Simply put, "although States retain substantial leeway to establish the contours of their judicial systems, they lack authority to nullify a federal right or cause of action they believe is inconsistent with their local policies." *Haywood v. Drown*, 129 S. Ct. 2108, 2114-15 (2009). "The elements of, and the defenses to, a federal cause of action are defined by federal law." *Howlett By and Through Howell v. Rose*, 110 S. Ct. 2430, 2442 (1990). Kentucky's "policy, whatever its merits, is contrary to Congress' judgment that *all* persons who violate federal rights while acting under color of state law shall be held liable for damages." *Id.* (emphasis in original). Kentucky's interest does not validly

---

[6] In contrast to, *e.g.*, the common understanding of the tort of "malpractice," which, in Kentucky, is essentially a specialized subset of common law negligence. *See Grubbs ex rel. Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 693-94 (Ky. 2003) ("In Kentucky, a medical malpractice action is merely a branch of the well traveled road of common law negligence, and a medical malpractice plaintiff must demonstrate the same prima facie case—consisting of duty, breach, causation, and injury—required in any negligence case." (internal quotation marks, alterations, and footnote removed)); *see also Blankenship v. Collier*, 302 S.W.3d 665, 667 (Ky. 2010) (generally requiring a plaintiff "to put forth expert medical testimony to establish the applicable standard of care, any breach that occurred and any resulting injury to the plaintiff").

extend to regulating or limiting federal courts hearing or adjudicating federal causes of action. *Cf. Pauk v. Bd. of Trs. of City Univ. of N.Y.*, 654 F.2d 856, 866 n.6 (2d Cir. 1981) (expressing a general principle that, in certain circumstances, federal courts "must determine whether [a] state statute impairs the achievement of federal objectives"). Thus, "whether presented in terms of direct disagreement with substantive federal law or simple refusal to take cognizance of the federal cause of action," the position SHP espouses— that a state statute would oust a federal court's ability to adjudicate a category of federal claims—would "flatly violate[] the Supremacy Clause." *Howlett*, 110 S. Ct. at 2445; *Haywood*, 129 S. Ct. at 2114-15; *see also Hollyfield v. Tullos*, No. 18-1738, 2018 WL 4503947, at *4 (E.D. La. Sept. 20, 2018) (holding that, under Louisiana's analogous statute, § 1983 claims need not be "exhausted through a medical review panel"); *id.* at *4 n.1 (collecting cases for this proposition). The Court thus holds that Hacker's § 1983 claims may proceed, even without satisfaction of the strictures of KRS Chapter 216C.

The result as to Count 5—raising claims of "negligence and gross negligence" under Kentucky law—is different.[7] In Count 5, Hacker targeted all Defendants' treatment of his "medical condition" and the alleged failure "to prevent [his] medical condition from worsening." DE #1, at ¶ 47. Plaintiff alleged that all Defendants "breached their duty of care to [him] with regard to providing proper reasonable medical care" and tied alleged injuries to "the denial of medical care to the Plaintiff." *Id.* at ¶ 48. He specifically charged SHP with violating 502 KAR 3:090. *Id.* at ¶ 49. Is Count 5 "a claim for a tort or a violation of a statute, administrative regulation, right or rule based on or arising out of

---

[7] Notably, Plaintiff made no substantive argument against dismissal of Count 5, contending only that the Court should await the Kentucky Supreme Court's constitutionality decision. *See* DE #10, at 5.

health care or professional services that were provided, or that should have been provided?" *See* KRS 216C.010(6). In the Court's opinion, it is. Indeed, it would be hard to imagine a claim that more directly falls within the definition (save, perhaps, a Count explicitly labeled "malpractice").

Accordingly, because Plaintiff did not satisfy all requirements of Kentucky's medical review panel act, Hacker "may not . . . commence[,]" KRS 216C.020(1), the Count 5 state-law claims as to SHP directly in this Court. *See, e.g.*, *Thompson v. Cope*, 900 F.3d 414, 424-27 (7th Cir. 2018) (holding that similar state-law "claims are subject to the Indiana Medical Malpractice Act and must be presented to a medical review panel under the Act before the plaintiff estate may proceed in court. . . . The medical review panel requirement is a substantive feature of the Act that must be enforced in federal court."); *Estate of Rice ex rel. Rice v. Corr. Med. Servs.*, 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009) ("The Indiana General Assembly doesn't decide the jurisdiction of the federal courts, so the legislative prohibition on court action doesn't affect this court's subject-matter jurisdiction. But because the review panel hasn't issued an order and the plaintiff didn't file suit pursuant to section 7, the Estate's complaint states no claim upon which relief can be granted under Indiana law as to Dr. Mathew or Goshen Hospital at this point."); *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 928 (N.D. Ind. 2009) ("Plaintiffs failed to bring their claim before the medical review panel and follow the procedures outlined in Ind. Code § 34–18–8–7. Thus, their medical malpractice claim against Dr. Livermore and Ms. O'Neill fail to state a claim and dismissal is proper."); *cf. Van Dyke v. United States*, 457 F. App'x 721, 725-27 (10th Cir. 2012) (affirming dismissal of Van

Dyke's "FTCA claims for failure to comply with the Wyoming Medical Review Panel Act").

The Court therefore dismisses Count 5 against SHP, without prejudice. *See Thompson*, 900 F.3d at 426 (discussing the "need" for a without-prejudice dismissal "so that the estate can refile the state-law claims if it clears the medical review panel process"); *id.* at 428.[8]

## IV.     CONCLUSION

For the reasons, to the extent, and on the terms stated, the Court **GRANTS IN PART** and **DENIES IN PART** DE #8. Specifically, as to SHP, the Court dismisses, without prejudice, Count 5, but permits Counts 2, 3, and 4 to progress. Plaintiff may seek to reassert the Count 5 claims against SHP, if and as appropriate, depending on (1) the Kentucky Supreme Court's decision on the constitutionality of the medical review panel statute, and / or (2) the outcome of the medical review panel process.

This the 10th day of October, 2018.

Signed By:
_Robert E. Wier_ REW
United States District Judge

---

[8] SHP seeks a "with prejudice" dismissal, DE #8-1, at 2, but states no reason or justification for that request. Independent of the Seventh Circuit's explanation, a without-prejudice dismissal here makes good sense. The dismissal, after all, is not based on an adjudication of the merits of Hacker's claim, but rather on a procedural hiccup Plaintiff encountered. *See Cooter & Gell v. Hartmarx Corp.*, 110 S. Ct. 2447, 2456 (1990). The pending, potentially outcome-altering litigation before the Commonwealth's high court also reasonably contributes to this view.