**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CASE NO. 5:18-cv-00433-REW-HAI**

**[Filed Electronically]**

**TEDDY RYAN HACKER**                                              **PLAINTIFF**

**VS.**

**MADISON COUNTY, KENTUCKY**
**d/b/a MADISON COUNTY DETENTION CENTER**          **DEFENDANT**

**SERVE:**       **REAGAN TAYLOR**
               **MADISON COUNTY JUDGE EXECUTIVE**
               **135 WEST IRVINE STREET, 3RD FLOOR**
               **MADISON COUNTY COURTHOUSE ANNEX**
               **RICHMOND, KY 40475**

**-AND-**

**DOUG THOMAS, Individually and in his Official**
**Capacity as the Madison County, Kentucky Jailer**          **DEFENDANT**

**SERVE:**       **DOUG THOMAS, JAILER**
               **MADISON COUNTY DENTENTION CENTER**
               **107 WEST IRVINE STREET**
               **RICHMOND, KY 40475**

**-AND-**

**SOUTHERN HEALTH PARTNERS, INC.**
**2030 Hamilton Place Blvd.**
**Chattanooga, Tn. 37421**                                    **DEFENDANT**

**SERVE:**       **CT CORPORATION**
               **306 W. MAIN STREET**
               **SUITE 512**
               **FRANKFORT, KY 40601**

**-AND-**

**TAMI HOUNSELL**
**C/O MADISON COUNTY DETENTION CENTER**
**107 WEST IRVINE STREET**
**RICHMOND, KY  40475**                                              **DEFENDANT**

**AND**

**ALICIA WHITE**
**C/O MADISON COUNTY DETENTION CENTER**
**107 WEST IRVINE STREET**
**RICHMOND, KY 40474**                                               **DEFENDANT**

**AND**

**KAYLA FRYE**
**C/O MADISON COUNTY DETENTION CENTETR**
**107 WEST IRVINE STREET**
**RICHMOND, KY 40475**                                               **DEFENDANT**

**AND**

**ROY WASHINGTON**
**C/O MADISON COUNTY DETENTION CENTER**
**107 WEST IRVINE STREET**
**RICHMOND, KY 40475**                                               **DEFENDANT**

**UNKNOWN JOHN AND/OR JANE DOES, Individually and**
**in their official capacities as officers/employees and/or agents**
**of Madison County, Kentucky, d/b/a Daviess County Detention**
**Center**                                                           **DEFENDANTS**

## AMENDED COMPLAINT

Comes the Plaintiff, Teddy Ryan Hacker, by Counsel, and for his Amended Complaint

against the Defendants, states as follow:

### I. Introduction

1.       Plaintiff, Teddy Ryan Hacker, brings his claim for damages under 42 U.S.C.

Section 1983 and the 8th and 14th Amendments to the Constitution of the United States, as well as

violations of statutory and/or common law claims and/or rights arising under state law from the action and/or inactions of the Defendants. As more specifically set forth below, the Plaintiff entered the Madison County Detention Center ('the Jail") with obviously serious, chronic medical conditions requiring competent monitoring and treatment, but was instead subjected to Defendants' incompetence, negligence and deliberate indifference to his medical needs and as a result suffered intense pain and suffering, surgery and permanent injury as a consequence of the Defendants actions and misconduct. It is the purpose of this action to seek redress for the violations of Plaintiff's Civil and Constitutional Rights, and recover damages for him which he has sustained as a result of the Defendants' misconduct, including punitive damages to punish the Defendants' conduct and forever deter its repetition.

## II. Jurisdiction and Venue

2.      Plaintiff seeks damages from the Defendants under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed him by the 8th and 14th Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. Sections 1331 and 1343. Jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. Section 1367. Venue is proper in this district pursuant to 29 U.S.C. Section 1391.

## III. Parties

3.      Plaintiff, Teddy Ryan Hacker, was a Kentucky citizen and a resident of Richmond, Kentucky during all times relevant to this action.

4.      Defendant, Madison County, Kentucky, d/b/a Madison County Detention Center, at all times mentioned herein employed, was responsible for the establishment of policies either formally or by custom or practice, and was responsible for the employment, training, supervision

and conduct of Jailer, David Osborne, the medical staff, and the officers and employees and/or agents of the Madison County Detention Center and those officers and employees' supervision of the inmates within the custody of Madison County, Kentucky and the Madison County Detention Center.

5.      Defendant Doug Thomas was, at all times mentioned herein, acting in his individual and/or his official capacity as the Jailer of Madison County, Kentucky and was an employee, servant, and/or agent of Madison County, Kentucky and the Madison County, Kentucky Detention Center.  As such, he established jail policies either formally or by custom or practice and was responsible for the employment, training, supervision and conduct of the medical staff, the officers, employees and/or agents of the Jail and those officers, employees and/or agents' supervision of the inmates within the custody of Madison County, Kentucky and the Madison County Detention Center.  Defendant Thomas is named and sued in his individual and official capacity

6.      Defendant Southern Health Partners, Inc. ("SHP") was, at all times mentioned herein, contractually employed by Madison County, Kentucky to provide professional medical care to the inmates of the Madison County Detention Center and was responsible for the establishment of policies, either formally or by custom or practice, for delivering professional medical care to inmates held in the Madison County Detention Center, and was responsible for the employment, training, supervision and conduct of its health care professionals providing medical care at the Jail.

7.      Tami Hounsell is a nurse who was employed by Defendant Southern Health Partners, Inc. who provided medical care to Plaintiff and to the best knowledge, information and belief was a resident of Madison County, Kentucky at all times relevant hereto.

8.      Alicia White is a nurse who was employed by Defendant Southern Health Partners, Inc. who provided medical care to Plaintiff and to the best knowledge, information and belief was a resident of Madison County, Kentucky at all times relevant hereto.

9.      Kayla Frye is a nurse who was employed by Defendant Southern Health Partners, Inc. who provided medical care to Plaintiff and to the best knowledge, information and belief was a resident of Madison County, Kentucky at all times relevant hereto.

10.     Roy Washington is an APRN who contracted with Defendant Southern Health Care Partners, Inc. who provided medical care to Plaintiff and to the best knowledge, information and belief was a resident of Madison County, Kentucky at all times relevant hereto.

7.      Upon information and belief, and as set forth below, there may be additional UNKNOWN JOHN AND JANE DOE DEFENDANTS employed, or formerly employed, by Defendants Madison County, Kentucky whose identities are as yet unknown to the Plaintiff, but who provided medical care to inmates, and who personally participated in denying medical care to the Plaintiff who bear responsibility for Plaintiff's damages and injuries.

## IV. NATURE OF DEFENDANTS' CONDUCT

8.      Defendants, individually, and in concert with one another, engaged in the conduct described herein below under color of law of the Commonwealth of Kentucky and Madison County, Kentucky.  The individual Defendants and/or unknown defendants knowingly participated, acquiesced in, contributed to, encouraged, and implicitly authorized or approved the conduct described below individually and in their official capacities with the Jail.  The offenses described below resulted from the failure of the entities and supervisory officials named above to employ qualified persons for positions of authority, and/or to properly train and supervise the conduct of personnel after their employment, and/or to properly promulgate appropriate

operating policies and procedures, either formally or by custom, to protect the Plaintiff's constitutional rights.  Defendants' intentional, grossly negligent, and/or objectively unreasonable conduct indicated active malice toward the Plaintiff, as well as manifesting deliberate indifference to Plaintiff's obvious medical needs evidencing a reckless disregard for his life and serious medical condition and his constitutional rights.  As a result, Plaintiff is entitled to an award of actual and punitive damages.

## V.  FACTS

9.      On or about December 2, 2016 Plaintiff was arrested and lodged in the Madison County Detention Center in Richmond, Kentucky.  Upon being lodged in said detention center Plaintiff was interviewed by jail staff and examined by medical staff of the Defendants.

10.      Plaintiff advised jail staff and medical staff that he had been diagnosed as HIV positive in 2015, had been receiving treatment and medications for HIV, and that he had an infection on his penis about the size of a dime.  Medical staff examined Plaintiff and confirmed he had an infection of some type, perhaps a yeast infection, on his penis about the size of a dime, and authorized that he be given a 14 day supply of antibiotics and some type of ointment to be applied to his penis, however, Plaintiff was not given any medication to treat his HIV.

11.      On or about December 16, 2016 Plaintiff was examined by a jail doctor to determine if his infection on his penis was getting better but was told it was not better and he was again given another 14 day supply of antibiotics and some type of ointment to be applied to his penis.  This type of treatment continued the entire time Plaintiff was incarcerated in the Madison County Detention Center even though Plaintiff's medical condition as it related to his infection on his penis got worse and in spite of numerous requests for medical attention being made by Plaintiff and even after Plaintiff file grievances regarding his need for medical attention.

12.     From records obtained via an Open Records Request it appears Plaintiff was

incarcerated in the Madison County Detention Center from December 6, 2016 through July 10,

2017 with one exception where it is unclear in the records if Plaintiff was released from custody

for a short time in April 2017 and then thereafter returned to the Madison County Detention

Center.  Subsequently, on or about July 10, 2017 Plaintiff was transferred to the Franklin County

Regional Jail in Frankfort, Kentucky and shortly thereafter released by the Probation and Parole

Department of the Kentucky Department of Correction to Home Incarceration.

13.     Plaintiff filed at least six (6) grievances seeking medical attention for his serious

infection to his penis while incarcerated as follows:

> **A**. Grievance-#1,881,526
> Date Submitted:  06/07/2017 5:20PM
> Date Received:   06/08/2017 9:34AM
> Status:              CLOSED
>
> Request:  "i need to be took to the hospital asap i have a bad infection that
> ive tried to get treated here but they are not helping it where i have
> hiv i need to get hiv treatment started its getting worse fast i can die
> because u refuse me medical treatment
>
> Response by .M. unit on 06/08/2017 aat 9:45AM
> "No one is refusing you medical treatment.  You have refused to seek
> treatment, there is nothing more we can do at this time."
>
> **B**. Grievance-#1,886,106
> Date Submitted:  06/09/2017 12:16PM
> Date Received:   06/09/2017  2:50PM
> Status:              CLOSED
>
> Request:  "i need took to the hospital to be seen asap this could kill me
>
> Response by .M. unit on 06/09/2017 at 3:03PM
> "closed"
>
> **C.** Grievance-#1,886,781
> Date Submitted:  06/09/2017 3:29PM
> Date Received:   06/12/2017 9:21AM
> Status:              CLOSED

Request:  "i need took to the dr ive been treated here since December and it
          Still hassnt got better"

Response by .M. unit on 06/12/2017 at 9:28AM
          "Medical has addressed this issue multiple times with this inmate."

**D.** Grievance-#1,887,050
    Date Submitted:  06/09/2017 4:42PM
    Date Received:   06/12/2017 9:21AM
    Status:          CLOSED

Request:  "peanut i need to be took to the hospital i have hiv and have been
          treated here for a infection since December thay cant seem to get
          me treatment i need here i need to be seen at the hospital asap can
          u pull me out and ill explaine more"

Respone by .M. on 06/12/17 at 9:28A
          "Medical has addressed this issue multiple  times with this inmate"

**E.** Grievance-#1,930,435
    Date Submitted:  06/27/2017 1:58PM
    Date Received:   06/28/2017 7:01AM
    Status:          CLOSED

Request:  "medical refuses me treatment i need to call my lawyer this is bs"

Response by .M. unit on 06/30/2017
          "closed"

**F.** Greivance-#1,930,478
    Date Submitted:  06/27/2017 2:06PM
    Date Received:   06/28/2017 7:02AM
    Status:          CLOSED

Request:  "i need to speak to peantun can u have him call me out of the cell to
          speak with him its important"

Response by Mrs. K. Tate on 06/28/2017 at 8:08 AM
          "forwarded to Peantun"

In complete and utter disregard of these medical grievances the Defendants took

no action to address Plaintiff's worsening medical conditions and acted with deliberate

indifference to his serious medical needs which ultimately resulted in Plaintiff sustaining serious

medical damages and injuries due to the Defendants denial of medical care to Plaintiff to address his serious medical needs.

14.     As a prelude to filing the above listed grievances and during the same time period set forth in Paragraph #13 herein above, the Plaintiff also filed at least twenty-eight (28) "Medical Request" forms seeking medical treatment for the serious infection on his penis and his HIV.  Without listing all twenty-eight (28) "Medical Request" forms as done above with the Grievance forms, it is clear the Defendants were on notice of the serious nature of the Plaintiff's request for medical treatment when he said in "Medical Request" form #1,614,254:

    "I need to see the dr i need my treatment in here and the skin around the head of my penis is not growing back."

Plaintiff continued to make similar requests through early July even after filing grievances, and even after being told in a response to Medical Request #1,880, 355 on 06/07/2017:

    "You've been seen by medical and the doctor.  You chose not to seek treatment on the outside, there is nothing more we can do for you."

In truth and in fact, there was something the Defendants could have done to address Plaintiff's worsening medical conditions.  The Defendants could have sent the Plaintiff to the hospital to be evaluated and treated but deliberately chose not to in direct violation of their constitutional duty to provide adequate medical care to inmates in their custody and control.  Consequently, the Plaintiff has suffered intensely through this ordeal and suffered injuries and damages due to the Defendants deliberate indifference to his medical needs.

15.  In an effort to escape their Constitutional obligations to properly care for the Plaintiff's medical needs the Defendants, through the Kentucky Department of Corrections,

coordinated and/or arranged to have the Plaintiff transferred to the Franklin County Regional Jail in Frankfort, Kentucky on July 10, 2017.  Upon arriving at said detention center the Plaintiff underwent the usual intake procedures. When his serious medical problems were discovered by the staff at the Franklin County Regional Jail they immediately arranged for the Plaintiff to be transported to the Franklin County Hospital on July 11, 2018 in Frankfort, Kentucky to assess his deteriorating medical condition.  Frankfort Regional Medical Center medical staff's medical records recorded that their clinical impression of Plaintiff was that he was suffering from Acquired Immunodeficiency Syndrome, Candidiasis of the mouth, Urethritis and a low white blood count of 1.8L, normal being in the range of 4.8-10.8 K/ul. The Frankfort Regional Hospital medical records state that:

> "This represents an AIDS defining illness and the patient on the urgent followup and referral to a infectious disease.  The patient's transporting officer was provided with a referral to UK infectious disease….".

16.     Weather by design or coincidence after Plaintiff was examined at the hospital on July 11, 2017 the Plaintiff was released on July 12, 2018 by the Kentucky Department of Corrections, Department of Probation and Parole from the Franklin County Regional Jail to Home Incarceration with instructions to the Plaintiff to follow up with UK infectious disease for treatment of his illnesses.  However, shortly after being released to Home Incarceration the Plaintiff was again detained by Probation and Parole for a violation of his conditions of release to Home Incarceration and he was incarcerated in the Three Forks Regional Jail from July 14, 2018 to August 15, 2017.  During said incarceration Plaintiff was treated for his medical problems regarding HIV, Hepatitis C and his infection to his penis with antibiotics and ointment cream and was told to make an appointment with UK Infectious Disease when he was released.

17.     On or about August 18th, 2017 after being released from the Three Forks Regional

Jail Plaintiff presented himself to the University of Kentucky Hospital Emergency Room seeking

treatment for his severe infection to his penis.  Upon examination by medical staff at UK

Hospital records of that examination contain an initial notation with regard to Plaintiff's penal

infection which states that "head necrotic with testicular swelling".  Consequently, the Plaintiff

was admitted for intensive in-patient treatment to stabilize, control and attempt to eliminate

Plaintiff's penal infection and other medical issues which had not been properly and timely

addressed and treated by the Defendants in this action.  In-patient treatment continued from

August 18, 2017 until September 1, 2017 when Plaintiff was discharged with a variety of

instructions and medications for handling his medical problems on an out-patient basis.

18.     Upon discharge UK Hospital records state the following Discharge Diagnosis:

| | |
|---|---|
| Discharge Diagnosis 1 | Sepsis due to Penile Cellulitis/Wound |
| Discharge Diagnosis 2 | HIV/CDC-Defined AIDS |
| Discharge Diagnosis 3 | Neutropenia/Leukopenia |
| Discharge Diagnosis 4 | AKI, Pre-renal (Resolved) |
| Discharge Diagnosis 5 | Chronic Hepatitis B |
| Discharge Diagnosis 6 | Chronic Hepatitis C |
| Discharge Diagnosis 7 | Polysubstance Abuse/Dependence |
| Discharge Diagnosis 8 | Tobacco Dependence |
| Discharge Diagnosis 9 | Depression |

19.     Defendants denial of medical care to Plaintiff resulted in several of the above

listed diagnosed medical conditions getting worse during his incarceration resulting in Plaintiff

having to resort to seeking emergency room medical treatment upon his release from jail because

of the Defendants failure and denial of proper medical care over a period of several months while

he was incarcerated.

20.     Such failure by the Defendants was the direct and proximate cause of Plaintiff's

injuries and damages requiring treatment and hospitalization at the UK Hospital, when such

treatment should have been sought out and provided months earlier, particularly when Plaintiff was constantly requesting medical assistance and filing grievances seeking medical treatment which Defendants failed to provide.

21.     As a result of Defendants' intentional, illegal, unreasonable and deliberate indifference to Plaintiff's medical needs Plaintiff has experienced intense pain and suffering, permanent injuries and damages for which he should be compensated.

<u>COUNT I</u>

<u>MADISON'S COUNTY, KENTUCKY AND MADISON COUNTY'S JANE AND JOHN
DOE DEFENDANTS CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. 1983</u>

22.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23.     Plaintiff's mistreatment was a result of a continued pattern of misconduct. Defendants were repeatedly unresponsive to the obvious medical needs of the Plaintiff, and repeatedly failed to secure for him necessary and recommended medical attention resulting in a denial of medical care to Plaintiff as an inmate.  Such actions and inactions on the part of the Defendants are the result of the policies, procedures, customs and practices of Defendant Madison County, Kentucky d/b/a the Madison County Detention Center and Jane and John Doe Unknown Defendants.  These policies demonstrated a negligent, intentional and/or a deliberate indifference to the health, well-being, medical needs and constitutional and common law rights of the Plaintiff.

24.     The Defendants' conduct, individually or collectively, was a result of the policies or customs or practices enacted and instituted by Madison County, Kentucky, the Madison County Detention Center and Jane and John Doe Unknown Defendants/employees of Madison

County, Kentucky and enforced by the Madison County, Kentucky Jailer, Doug Thomas, who is accountable to the government. At all relevant times, the employees, agents, and/or officers of Madison County, Kentucky were acting under color of state law.

25.    Given the current law, the Defendants' treatment of the Plaintiff was intentional and/or wanton and malicious and therefore, rises to the level of a total and reckless disregard of, and deliberate indifference to the Constitutional right of the Plaintiff to receive appropriate medical care while incarcerated in the Madison County Detention Center.

26.    As a direct and proximate result of the Defendants' violations of the Plaintiff's civil rights, the Plaintiff has suffered injuries and damages.

27.    Defendants' deliberate indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

28.    As a proximate result of Defendants' violations and/or depravations of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C Section 1983, together with costs, interest and attorney fees.

29.    Defendants were acting under color of state law when they undertook the actions described above in Section V, FACTS, of this Complaint and such conduct also violated concomitant rights guaranteed by the Constitution and common laws of Kentucky.


## COUNT II

## SOUTHERN HEALTH PARTNERS, INC.S', AND ITS' EMPLOYEES DEFENDANTS, HOUNSEL, WHITE, FRYE AND WASHINGTON CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. 1983

30.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31.     Plaintiff's mistreatment was a result of a continued pattern of misconduct. Defendants were repeatedly unresponsive to the obvious medical needs of Plaintiff, and repeatedly failed to secure for him necessary and recommended medical treatment resulting in a denial of medical care to Plaintiff as an inmate.  Such actions or inactions on the part of the Defendants are the result of the policies, procedures, customs, and practices of Defendant Southern Health Partners, Inc., its' named Defendant employees.  These policies demonstrated a negligent, intentional and/or deliberate indifference to the health, well-being, and constitutional and common law rights of the Plaintiff.

32.     The Defendants conduct, individually, collectively or as a corporate entity was a result of the policies or customs enacted and instituted by Defendant Southern Healthcare Partners, Inc., its' named Defendant employees and carried out and enforced by said employees of Defendant Southern Health Partners, Inc.

33.     Given the current law, the Defendants' treatment of the Plaintiff was intentional and/or wanton and malicious and, therefore, rises to the level of a total and reckless disregard of, and deliberate indifference to the Constitutional right of the Plaintiff to be provided with appropriate medical care while incarcerated in the Madison County Detention Center.

34.     As a direct and proximate result of the Defendants' violations of the Plaintiff's civil rights, the Plaintiff has suffered permanent injuries and damages.

35.     Defendants' deliberate indifferent acts and omissions as related to Plaintiff were the direct and proximate cause of Plaintiff's injuries and damages.

36.     As a proximate result of Defendants' violations and/or deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. 1983, together with costs, interest and attorney fees.

37.     Defendants were acting under the color of state law when they undertook the actions described above in Section V, FACTS, of this Complaint and such conduct also violated concomitant rights guaranteed by the Constitution and common laws of Kentucky.

## COUNT III

### FAILURE TO TRAIN AGAINST ALL NAMED DEFENDANTS AND JANE AND JOHN DOE UNKNOWN DEFENDANTS UNDER 42 U.S.C. 1983

38.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39.     The Defendants, and their personnel and/or agents, had a duty to train their employees and/or agents with regard to providing inmates with proper medical care when in custody, but breached that duty to the Plaintiff resulting in damages.

40.     The Defendants, and their personnel and/or agents, are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly train their employees and/or agents with regard to providing inmates with proper medical care when in custody.

41.     The Defendants, acting under color of state law, acted intentionally, maliciously, or with reckless disregard or callous indifference to the constitutional rights of the Plaintiff and are liable for Punitive Damages.

## COUNT IV

### FAILURE TO SUPERVISE AGAINST ALL NAMED DEFENDANTS AND JANE AND JOHN DOE UNKNOWN DEFENDANTS UNDER 42 U.S. C. 1983

42.     Plaintiff realleges and incorporates each and every paragraph of this Complaint as though fully set forth herein.

43.     The Defendants, and their personnel and/or agents had a duty to properly supervise their employees and/or agents with regard to providing proper medical care to inmates in custody, but breached that duty to Plaintiff resulting in damages.

44.     The Defendants, and their personnel and/or agents are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly supervise their employees and/or agent who were charged with the duty of providing proper medical care to inmates in custody.

45.     The Defendants, acting under color of state law, acted intentionally, maliciously, or with reckless disregard or callous indifference to the constitutional rights of the Plaintiff and are liable for Punitive Damages.

## COUNT V

## NEGLIGENCE AND GROSS NEGLIGENCE AGAINST ALL DEFENDANTS AND JANE AND JOHN DOE UNKNOWN DEFENDANTS

46.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

47.     All the Defendants, including Jane and John Doe Unknown Defendants, had a duty to timely treat Plaintiff's medical condition as would any reasonable person to prevent Plaintiff's medical condition from worsening.

48.     As set forth above, all Defendants, including Jane and John Doe Unknown Defendants, were negligent and grossly negligent, and all breached their duty to the Plaintiff with regard to providing proper reasonable medical care to Plaintiff, an inmate, resulting in intense pain and suffering and permanent damages being sustained by Plaintiff as a direct result of the denial of medical care to the Plaintiff.

49.     Additionally, the Defendant medical professionals, including Jane and John Doe Unknown Defendants, employed by  Defendant Madison County, Kentucky and Defendant Southern Health Care Partners, Inc. and its' named individual defendant employees violated 502 KAR 3:090. Medical Services, in their treatment, or lack of treatment of Plaintiff.

50.     Defendants' breach of duty and failure to meet the applicable standard(s) of medical care with regard to the Plaintiff was done in bad faith.

51.     As a direct and proximate result of all the Defendants' conduct, including Jane and John Doe Unknown Defendants, Plaintiff has been damaged in an amount exceeding the $75,000.00 jurisdictional limits of this Court on each count, as described further herein, and Plaintiff is entitled to compensatory damages, including damages for pain and suffering, punitive damages and other costs, expenses and attorney fees as allowed by law and the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herby demands the following:

1.     Trial by Jury of all issues triable by a jury;

2.     An award for compensatory damages in an amount to be shown at trial including damages for Plaintiff's mental and physical pain and suffering;

3.     An award of punitive damages in an amount to be shown at trial;

4.     An award for pre-and-post judgment interest on all sums awarded;

5.     An award for Attorneys' fees under 42 U.S.C. Section 1988 and any other applicable provisions of law;

6.     Any and all other relief the Plaintiff is entitled to under the law.

Respectfully submitted,

*/s/Brent L. Caldwell*
Caldwell Law Firm, PLLC
153 Market Street
Lexington, KY 40507
859-225-1400 Office
bcaldwell@caldwelllawyers.com
Attorney for Plaintiff