UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TERRY RYAN HACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 5:18-CV-433-REW-HAI |
| v. | ) | |
| | ) | AMENDED |
| MADISON COUNTY, KY, *et al.*, | ) | SCHEDULING ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The parties in this action have filed a joint motion to extend existing deadlines. *See* D.E. 36. Specifically, "the Parties request that the Court extend by three months all outstanding pretrial deadlines, with a corresponding continuance in the trial date, in order to permit the new defendants to be served and meaningfully participate in discovery in this matter, including the completion of the Plaintiff's deposition." *Id.* at 2. The parties cite a continuance of the plaintiff's deposition and the addition of new defendants as grounds for the requested continuance. *See id.* These reasons support a finding of good cause for the Court to grant the sought-after relief. *See* Fed. R. Civ. P. 16(b).

Accordingly, **IT IS HEREBY ORDERED**:

a. No later than **September 3, 2019**, counsel for the parties shall complete all pretrial fact discovery. This deadline means, as relevant, service of written discovery calculated to secure a response by and compliant with the deadline.

b. Per Rule 26(a)(2), no later than **October 1, 2019**, Plaintiff shall disclose the identity of expert witnesses who may be used at trial, accompanied by written reports signed by the Rule 26(a)(2)(B) expert witnesses and/or written summaries consistent with Rule 26(a)(2)(C), as applicable, all in compliance with the rule. These disclosures need not be filed in the Court record. No later

than **December 3, 2019**, Defendants shall provide same. Rebuttal expert disclosures are due by **January 1, 2020**. The parties shall complete all expert discovery (including expert depositions) by no later than **March 31, 2020.**

c. No later than **May 28, 2020**, counsel for the parties shall file all dispositive motions and *Daubert* motions. Response and reply time shall be governed by local rule. Any depositions cited to in a motion or other brief must be filed in their entirety along with the motion or other brief (either as a separate record entry or if feasible as an attachment).

d. The pretrial filings described in Paragraph 9 of the original scheduling order, see Docket Entry 17 at 4–5, shall be filed no later than **August 18, 2020.**

e. The motions *in limine* and detailed objections to the use of any witness, document, or thing identified pursuant to Rule 26(a)(3) described in Paragraph 10 of the original scheduling order, see Docket Entry 17 at 5–6, shall be filed no later than **August 25, 2020**. Each party shall fully respond to motions *in limine* and objections by no later than **September 1, 2020**.

f. This action is assigned for a **pretrial conference** before District Judge Wier on **September 15, 2020, at 1:30 p.m.**, at the United States Courthouse in Lexington. The attorneys who will be trying this action shall be present at the pretrial conference along with all parties.

g. No later than **seven (7) working days** prior to the trial of this action, counsel shall submit to Judge Wier's Chambers a copy of each documentary exhibit.

h. This action is assigned for **trial by jury** before Judge Wier on **October 5, 2020, at 9:00 a.m.**, at the United States Courthouse in Lexington. Counsel shall be in court at 8:30 a.m. The anticipated length of trial is four (4) days.

i. Unless otherwise noted above, the mechanics governing this case contained in the original scheduling order at Docket Entry 17 continue to persist.

This the 31st day of May, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge